IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL KARCHNAK,** | : | **No. 07-CV-1405** |
| **Plaintiff** | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **SWATARA TOWNSHIP,** | : | |
| **DAVID BOGDANOVIC,** | : | |
| **JASON D. UMBERGER, and** | : | |
| **COMMISSIONER RICCI,** | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Plaintiff Sergeant Carol Karchnak has filed suit under 42 U.S.C. § 1983 against her employer, Swatara Township, and her superior officers in the Swatara Police Department, Chief David Bogdanovic, Deputy Captain Jason D. Umberger, and Commissioner Ricci. She alleges that each Defendant violated 1) her First Amendment right to be free of retaliation for the exercise of free speech and 2) her Fourteenth Amendment rights to equal protection of the laws and procedural due process. Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. Defendants' motion to dismiss will be granted in part and denied in part. Plaintiff will be given thirty days to amend her complaint, at her option.

## I.       Background

### A.    Facts

Plaintiff's complaint contains the following allegations, all taken as true for purposes of this motion to dismiss. During the time of her employment in the Swatara Police Department, she has engaged in the following behavior:

1) "complaining about policies promulgated and practiced by the defendants" including "quota systems . . . which unlawfully encouraged police officers to produce statistics at the expense of the fair administration of justice" (Compl. ¶¶ 1, 8); 2) participating in the course of litigation and settlement of a lawsuit against the Township for compensation for off-duty care of police dogs (*Id.* ¶¶ 14-15); 3) reporting a corporal for having a drawing of a naked woman on his desk (*Id.* ¶¶ 16-17); and 4) reporting to Internal Affairs that a fellow officer was falsifying his patrol logs (*Id.* ¶¶ 20, 22).

She alleges that this behavior has led to certain acts of retaliation. Specifically, she claims the following:  1) that her participation in the lawsuit led to "serious problems with her employers," being denied promotions (*Id.* ¶ 15), and Defendants' decision to terminate the contract that provided for leased dog services to the Police Department (*Id.* ¶ 19), in effect terminating Plaintiff's position as a dog handler; 2) that reporting the corporal led to a fear in her own mind that she would be retaliated against (*Id.* ¶ 17); 3) that because she reported the falsification of patrol logs, Bogdanovic and Umberger participated in a conversation during which potential retaliation against Plaintiff was mentioned (*Id.* ¶ 22); and 4) that "the defendants have caused the plaintiff to become the subject of a disciplinary investigation . . . alleging that . . . the ability of the plaintiff to supervise other officers' [*sic*] is deficient. . . . [because Bogdanovic] believes plaintiff is unable to properly discipline male officers" (*Id.* ¶ 27).

Plaintiff also claims that the "pattern of retaliation" of "having serious problems with her employers and [being] denied promotions" has "continued unabated." (*Id.* ¶ 15.)  Additionally, the Township has "forged a policy of protecting wrongdoers and retaliating against police officers, including the plaintiff, who complain about official policies or misconduct." (*Id.* ¶ 1.)

Plaintiff alleges the violation of her Fourteenth Amendment rights to equal protection and due process.  In support thereof, she states the following.  Her gender is the basis for having suffered unjust discipline, harassment, and other acts of discrimination.  (*Id.* ¶¶ 1, 7b, 23.)  She alleges that Ricci intentionally chose persons less qualified than Plaintiff because of "his inclination to select 'good old boys' at the expense of better qualified persons like [P]laintiff."  (*Id.* ¶ 24.)  It is not clear for which jobs, tasks, or service Ricci chose these "good old boys" rather than Plaintiff.  The Police Department disciplinary procedure has been applied to her in a "different and more harsh [manner] than [it has been applied to] others similarly situated on account of her gender and because she spoke out on matters of public concern."  (*Id.* ¶ 7b.)  "[T]he defendants have caused the plaintiff to become the subject of a disciplinary investigation . . . alleging that . . . the ability of the plaintiff to supervise other officers' [*sic*] is deficient. . . . [because Bogdanovic] believes plaintiff is unable to properly discipline male officers."  (*Id.* ¶ 27.)  As a result of the foregoing, Plaintiff claims that she was deprived of "the full benefit of her employment as a police officer, and carries a stigma which may impair or impede her ability to become and remain gainfully employed as a police officer in Swatara or any other jurisdiction."  (*Id.* ¶ 34.) Moreover, the Township "has engaged in a custom, practice, and usage of gender discrimination."  (*Id.* ¶ 1.)

## B.    Procedural History

Plaintiff filed her complaint on August 1, 2007.  (Doc. 1.)  On October 1, 2007, Defendants filed the instant motion to dismiss and brief in support thereof. (Docs. 4-5.)  Plaintiff filed her brief in opposition on October 19, 2007.  (Doc. 7.) The motion is ripe for disposition.

**II.**        **Legal Standard – Motion to Dismiss for Failure to State a Claim**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case — some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, — F.3d —, No. 06-2869, slip op. at 12 (3d Cir. Feb. 5, 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord, e.g., Phillips*, No. 06-2869, slip op. at 11; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).

*Accord Phillips*, No. 06-2869, slip op. at 10, 15.  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, No. 06-2869, slip op. at 17; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action.  *Twombly*, 127 S. Ct. at 1965, *quoted in Phillips*, No. 06-2869, slip op. at 17.

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient.  *See, e.g., Phillips*, No. 06-2869, slip op. at 21; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247,252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III.       Discussion

All claims in this case are brought under 42 U.S.C. § 1983.  To state an adequate claim for relief under that statute, a plaintiff must allege that a defendant, acting under the color of state law, subjected her or caused her to be subjected to the deprivation of her Constitutional or federal rights.  § 1983.  A plaintiff must allege that each defendant "individually participated in the alleged constitutional violation or approved of it."  *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005).  The corollary in municipal liability is that the plaintiff must allege that the municipality itself caused a constitutional violation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  *Respondeat superior* is not a viable theory of municipal

liability under § 1983; rather, a plaintiff must plead and prove that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury." *Brown,* 520 U.S. at 405; *accord Jett*, 491 U.S. at 737.  To do so, a plaintiff must allege that a municipal custom or policy was the proximate cause of the constitutional injury sustained.  *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005); *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990).

Section 1983 is the vehicle by which Plaintiff brings her substantive charges against Defendants.  She alleges that she was retaliated against, in violation of the First Amendment, and that she was deprived of her rights to equal protection of the laws and procedural due process.  Before turning to the merits of Plaintiff's complaint,[1] the court will first address the statute of limitations applicable to causes of action brought under § 1983.

### A.    Statute of Limitations for Actions Under § 1983

Section 1983 does not contain a statute of limitations for cases brought under its purview.  Thus, for § 1983 actions, a court must look to the state statute of limitations for personal injury claims.  *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).  In Pennsylvania, the statute of limitations for personal injury is two years.  42 Pa. Cons. Stat. § 5524.  Thus all of Plaintiff's § 1983 claims are subject this two-year statute of limitations.

A cause of action under § 1983 accrues "when the plaintiff knew or should have known of the injury upon which the action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).  Defendants maintain that certain of Plaintiff's claims are time-barred.  Specifically, Defendants contend that Plaintiff knew or should have known that her cause of action for retaliation in

---

[1] The qualified immunity argument raised by Defendants will not be addressed at this time because the factual information available is not sufficiently developed to permit a proper analysis.

response to her lawsuit when she "began having serious problems with her employers and was eventually denied promotions." (Compl. ¶ 15.) These "serious problems" allegedly began occurring months after her lawsuit was settled in May 2004. (*Id.*) Even with the most generous reading of "months after" May 2004, they submit, this cause of action should have been brought some time in 2006. (Doc. 5 at 5.) Plaintiff did not file this lawsuit until August 1, 2007, long after the statute of limitations had run.

For the same reason, Defendants argue, Plaintiff's cause of action for retaliation for reporting the corporal for the drawing is time-barred.[2] She reported the corporal in "early July of 2004." (Compl. ¶ 16-17.) She alleges that she feared retaliation for having reported the corporal. (*Id.* ¶ 18.) Plaintiff knew or should have known that her injury had accrued at the time she first felt this fear, when she reported the corporal to her supervisors, in early July 2004. (*Id.* ¶¶ 16-18.) Accordingly, a cause of action for her fear of retaliation was viable through early July 2006. Her claim for relief on this allegation, brought on August 1, 2007, is not cognizable because it was filed long after the statute of limitations had run.

Plaintiff contends, however, that the statutes of limitation for these causes of action should be equitably tolled because she has alleged a "continuing violation" of her rights. (Doc. 7 at 6-7; Compl. ¶ 15.) She alleges, specifically, that after settling the lawsuit in May 2004, "plaintiff began having serious problems with her employers and was eventually denied promotions. This pattern of retaliation has continued unabated from that time . . . ." (Compl. ¶ 15.) She also refers to the two additional instances mentioned in her complaint, the termination of her position with dog services in 2006 and all retaliatory statements after her provision of information

---

[2] This claim will be dismissed for the additional reason that Plaintiff fails to allege that she was actually retaliated against in any way, by any Defendant. *Infra* § III.B.

on corruption within the department in 2007, to support her "continuing violation" argument.  (Doc. 7 at 7.)

Plaintiff's arguments are foreclosed by precedent from the Supreme Court of the United States and the Third Circuit.  In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court observed distinctions to be made among unlawful employment "practices" for purposes of the statute of limitations for filing a charge with the Equal Employment Opportunities Commission and its effect on Title VII liability for employment discrimination.  A "practice" is a "discrete act or single 'occurrence,' even when it has a connection to other acts."  *Id.* at 111.  "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act."  *Id.* at 113; *see Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, — U.S. —, 127 S. Ct. 2162, 2169 (2007).  Discrete "unlawful employment practices" actionable as independent causes of action are termination, failure to promote, denial of transfer, refusal to hire, *Morgan*, 536 U.S. at 114, wrongful suspension, wrongful discipline, denial of training, and wrongful accusation, *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006).  *See also Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003).

The "unlawful employment practice" of creating a hostile work environment, however, is not a discrete act that occurs on one day.  *Morgan*, 536 U.S. at 115.  Rather, it "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.  Such claims are based on the cumulative effect of such acts."  *Id.* (citation omitted).  Thus, the statute of limitations for a hostile work environment claim "does not separate individual acts that are part of the hostile environment claim from the

whole for the purposes of timely filing and liability." *Id.* at 118.  A plaintiff "has no claim" upon the occurrence of the first act that begins to create a hostile work environment because "the full course of conduct is the actionable infringement." *O'Connor*, 440 F.3d at 128 (holding that *Morgan*'s distinction between discrete acts and continuing violations "is not an artifact of Title VII, but is rather a generic feature of federal employment law.  Thus, in whatever statutory context the distinction may arise, *Morgan* will control.").  A hostile work environment claim is timely made if filed within the proper time period following "any act that is part of the hostile work environment." *Morgan*, 536 U.S. at 118.

By way of example, James O'Connor sued the City of Newark and the Newark Police Department under 42 U.S.C. § 1983 for, *inter alia*, violation of his rights to free expression and procedural and substantive due process. *O'Connor*, 440 F.3d at 126.  O'Connor alleged numerous acts of retaliation for having exercised free speech, including denial of a promotion, failure to expunge an item from his disciplinary record, transfer to a position under a hostile superior officer, failure to provide him adequate staff and resources, assignment of excessive work, a changed work schedule, the filing of unwarranted disciplinary complaints, failure to credit overtime due and being subjected to threats and assaults by other officers. *Id.* at 126 n.1.  Nearly all of these allegedly retaliatory acts occurred more than two years before O'Connor filed suit. *Id.* at 127.  He argued that the statute of limitations should be equitably tolled as to all claims because the retaliation constituted a "continuing violation" and a hostile work environment. *Id.*  Relying on *Morgan*'s distinctions, the Third Circuit rejected his argument.

The court observed that "First Amendment retaliation claims are always individually actionable, even when relatively minor." *Id.* at 127-28; *c.f. Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000) ("an entire campaign of harassment

which though trivial in detail may have been substantial in gross" may be actionable under § 1983 (internal quotation omitted)); *Brennan*, 350 F.3d at 419 n.16.  A First Amendment retaliation claim is cognizable for any individual act which is intended to punish a public employee for exercising his or her free speech rights if that act would be sufficient to deter a person of ordinary firmness from exercising those rights.  *O'Connor*, 440 F.3d at 128; *Suppan*, 203 F.3d at 234-35; *see Rutan v. Republican Party*, 497 U.S. 62, 76 n.8 (1990).  The Third Circuit concluded that nearly all of O'Connor's claims were discrete acts, acts which "cannot be aggregated under a continuing violations theory."  *O'Connor*, 440 F.3d at 127, 129.

This court is constrained to draw the same conclusion regarding Plaintiff's claims of retaliation for the lawsuit settlement and for reporting the corporal for the drawing on his desk.  If, as Plaintiff alleges, after the settlement she was denied promotions, each denial constitutes a discrete act of retaliation with its own two-year statute of limitations.  The complaint does not provide the dates upon which Plaintiff was denied promotions.  The promotions that Plaintiff was denied before August 1, 2005, if any, are not actionable because their respective individual statutes of limitations have run.  Plaintiff will be required to amend her complaint to state a claim for those promotions that she was denied on or after August 1, 2005.  Plaintiff will also be required to amend her complaint in any other respect necessary to allege that retaliatory actions took place within the two-year statute of limitations applicable to this matter.

### B.    Injury Alleged

Plaintiff contends that Defendants retaliated against her for having exercised her right to free speech.  As stated above, a First Amendment retaliation claim is cognizable for any individual act which is intended to punish a public employee for exercising his or her free speech rights if that act would be sufficient

to deter a person of ordinary firmness from exercising those rights.  *O'Connor*, 440
F.3d at 128; *Suppan*, 203 F.3d at 234-35; *Rutan*, 497 U.S. at 76 n.8.

Plaintiff claims that her action of reporting the corporal for the drawing
led to her entertaining a fear of retaliation within her own mind.  (Compl. ¶ 18.)
This allegation does not suffice to state a plausible claim for retaliation. While
Plaintiff may have feared retaliation, she does not allege that Defendants took a
retaliatory action that subjected her or caused her to be subjected to the deprivation
of her Constitutional or federal rights.  *See* 42 U.S.C. § 1983.  She has not pled facts
that would support an element of her retaliation claim in this instance.  Accordingly,
Plaintiff's cause of action based on this factual circumstance will be dismissed, with
leave to amend if she can, to adequately state claim for relief.

She also claims that she feared retaliation for reporting another officer
for falsifying his patrol logs.  (Compl. ¶¶ 20, 22.)  When she expressed this fear to
still another officer, he said "he would be 'lying if that was not mentioned during the
investigation'" during which that officer had spoken to Defendants Bogdanovic and
Umberger.  (*Id.* ¶ 22.)  Again, Plaintiff does not allege that any Defendant actually
took a retaliatory action against her.  Even if the court accepted for the sake of
argument  that the mere statement of an intention to retaliate constituted retaliation
under First Amendment jurisprudence, the comment alleged here is not sufficient to
deter a person of ordinary firmness from exercising her right to free speech.
Plaintiff's claim for retaliation based on this circumstance will be dismissed.  Again,
Plaintiff will be granted leave to amend her complaint on this issue.

### C.    Fourteenth Amendment Claims

The Fourteenth Amendment to the United States Constitution provides,
in pertinent part, "No State shall . . . deprive any person of life, liberty, or property,
without due process of law; nor deny to any person within its jurisdiction the equal

protection of the laws." U.S. Const. amend XIV.  Plaintiff claims that her rights to due process and equal protection have been violated "in the application of Swatara Township's Police Department disciplinary procedure" against her, resulting in the deprivation to Plaintiff of "the full benefit of her employment as a police officer" and the imposition upon her of "a stigma which may impair or impede her ability to become and remain gainfully employed as a police officer in Swatara or any other jurisdiction."  (Compl. ¶ 34; *see also id.* ¶ 7b; Doc. 7 at 21.)

### 1.    **Due Process**

"[D]ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.  Due process is flexible and calls for such procedural protections as the particular situation demands." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997) (quotations, citations, and alterations omitted).  "In evaluating a procedural due process claim, we first determine whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property." *Baraka v. McGreevey*, 481 F.3d 187, 205 (3d Cir. 2007) (quotation omitted).  If there is no deprivation, the state is not required to provide due process.  Plaintiff alleges that she has been deprived of a property interest and a liberty interest.  Each will be discussed in turn.

A public employee has a constitutionally protected property interest in continued employment when state law dictates that she may be terminated only for cause.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-39 (1985).  The majority of cases to focus on the due process rights of state employees govern the process required before an employee may be discharged.  *See Gilbert v. Homar*, 520 U.S. 924, 929 (1997).  The Supreme Court has not decided "whether the protections

of the Due Process Clause extend to discipline of tenured public employees short of termination," but has assumed that it may. *Id.*

The Third Circuit has suggested that employment actions that affect merely the terms and conditions of employment, but do not impact an employee's tenure, do not implicate the employee's property interest in continued employment. *Ferraro v. City of Long Branch*, 23 F.3d 803, 807 (3d Cir. 1994). Therefore, the state is not required to provide due process before making decisions that affect the terms and conditions of employment. *Id.* "[I]f we considered that a mere change in work assignment deprived an employee of a property interest, as a practical matter, we would be federalizing routine employment decisions." *Id.* at 806. Examples of employment decisions that have been held not to implicate an employee's due process rights are changing an employee's work assignment, without reducing his salary or benefits, *Id.* at 807, placing a police officer on administrative duty, precluding him from working extra shifts and overtime, *Izquierdo v. Sills*, 68 F. Supp. 2d 392, 420 (D. Del. 1999), or demoting an employee in title without reducing his salary, *Royster v. Bd. of Trs. of Anderson County Sch. Dist. No. Five*, 774 F.2d 618, 621 (4th Cir. 1985). As succinctly stated by the Third Circuit: "the Constitution should not be 'trivialized by being dragged into every dispute in state and local government.'" *Ferraro*, 23 F.3d at 806 (quoting *Brown v. Brienen*, 722 F.2d 360, 365 (7th Cir. 1983)).

Defendants claim that because Plaintiff has not been terminated, her due process rights have not been violated.[3] This court hesitates to hold that, as a matter of law, that absent termination a property interest is not implicated. *See*

---

[3] There is no statement in the complaint that Plaintiff is a tenured public employee who may be terminated only for cause, but Defendants did not raise this issue in their motion to dismiss or brief in support.

*Gilbert*, 520 U.S. at 929; *Izquierido*, 68 F. Supp. 2d at 420.  The instant charge of violation of due process must nonetheless fail.  Plaintiff's allegations are yet insufficient to withstand the motion to dismiss because she does not identify the adverse employment action taken against her, other than having been subjected to a disciplinary "investigation."  She does not allege that any of the terms and conditions of her employment were affected thereby, much less that her tenure was affected by the disciplinary investigation.  She does not state what, if any, disciplinary actions were taken against her as a result of the investigation.  The bare fact that an investigation occurred is not sufficient to demonstrate that Plaintiff has been deprived of her property interest in continued employment.

Defendants further argue that Plaintiff has not adequately stated a claim for a deprivation of her liberty interest in her good name and reputation – the "stigma" that she charges.  (Doc. 5 at 21.)  "Reputational harm can constitute a protected interest *when coupled with an additional deprivation of a protected right or interest*."  *Baraka*, 481 F.3d at 208 (emphasis added); *accord Hill v. Borough of Kutztown*, 455 F.3d 255, 236 (3d Cir. 2006); *Graham v. City of Phila.*, 402 F.3d 139, 142 n.2 (3d Cir. 2005).  Plaintiff failed to brief this issue.  As noted above, however, Plaintiff failed to allege facts sufficient to state a claim for deprivation of her property interest in continued employment.  It follows that her claim for relief based on the asserted "stigma" must be dismissed.  Plaintiff will be granted leave to amend, if possible, her due process claim in its entirety.

### 2.   Equal Protection

There are two paradigms under which a plaintiff may bring an equal protection claim.  First, a plaintiff may allege that she is a member of a protected class, similarly situated to members of an unprotected class but treated differently from those in the unprotected class.  *See Andrews v. City of Phila.*, 895 F.2d 1469,

1478 (3d Cir. 1990).  Second, she may allege that she belongs to a "class of one" such that "(1) the defendant treated [her] differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  *Phillips v. County of Allegheny*, — F.3d —, No. 06-2869, slip op. at 37 (3d Cir. Feb. 5, 2008) (quoting *Hill*, 455 F.3d at 239); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff claims that she is the only woman in the Swatara Police Department's dog handling unit and that she has been "subjected to a different standard of treatment than male officers on the force of equal or greater rank." (Compl. ¶ 23.)  She alleges that "the defendants have treated [her] differently, for unlawful reasons, in a disparate fashion in violation of the 14th Amendment's prohibition against treating similarly situated persons unequally i.e. denying her the equal protection of the laws."  (*Id.* ¶ 26.)  These allegations state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of Plaintiff's claim that defendants violated her right to equal protection.

### D.    Claims Against Swatara Township

The lone allegation made specifically against the Township is that "Swatara Township has engaged in a custom, practice, and usage of gender discrimination and also forged a policy of protecting wrongdoers and retaliating against police officers, including the plaintiff, who complain about official policies or misconduct." (Compl. ¶ 1.)  Defendants argue that Plaintiff's claims against the Township should be dismissed for two reasons: 1) that the complaint does not allege that Plaintiff has been deprived of federally protected rights and 2) that plaintiff's "general[ ] . . . legal conclusion that Swatara Township violated her rights through a policy, custom or practice . . . is not adequately supported by any factual allegation."

15

(Doc. 5 at 18.)  Defendant's first argument has been addressed.  Their second argument carries more weight, but ultimately is not persuasive.

In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), a unanimous Supreme Court held valid a general statement in a complaint that certain municipalities failed to adequately train police officers.  *Id.* at 165.  The Court held that this assertion satisfied the requirement in Federal Rule 8(a) of being a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.* at 168 (quoting Fed. R. Civ. P. 8(a)).  The rule does not require a claimant to set out in detail all of the facts upon which she bases her claim.  *Id.*  In contrast, the Court noted, Rule 9(b) provides two specific instances for which a plaintiff must plead with particularity – and municipal liability is not one of them.  *Id.*  Because the Federal Rules have enumerated circumstances in which pleading with specificity is required, the Court would not import such a requirement to pleading municipal liability.  *Id.*

> Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b).  But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.  In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

*Id.* at 168-69.

The Supreme Court echoed the quoted language in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1973 n.14 (2007).  The Court "[did] not apply any 'heightened' pleading standard" in that antitrust case, nor did it "seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished by the process of amending the Federal Rules, and not by judicial interpretation."  *Id.* (quotation omitted).  The Court observed, however, that "[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual

allegations with greater particularity than Rule 8 requires," citing Rule 9(b)-(c)
which contain the enumerated claims for which a plaintiff must plead with
particularity. *Id.* Additionally, recent instruction from the Third Circuit is that
"[c]ontext matters in notice pleading," and that some areas of the law will require "at
least some factual allegations to make out a showing that the pleader is entitled to
relief." *Phillips*, No. 06-2869, slip op. at 12.

> While Plaintiff's allegation against Swatara Township may be
somewhat conclusory, it is sufficient under current pleading standards. It provides
the Township "fair notice of the basis for [Plaintiff's] claims," *see Swierkiewicz v.
Sorema N.A.*, 534 U.S. 506, 514 (2002), in that the Township is aware that it must
defend against an allegation that it has a custom or policy of discriminating against
women and retaliating against police officers who complain that misconduct is
occurring within the police force. Moreover, when a plaintiff uses the generic word
"defendants," as Plaintiff does throughout her complaint, "defendants" includes each
individual defendant as if that person or entity had been specifically named. *See
Phillips*, No. 06-2869, slip op. at 26 n.5. Accordingly, in making allegations against
all "defendants," Plaintiff complains of Swatara Township as well. Though
inartfully, Plaintiff has pled a cause of action against the Township.[4] Whether
Plaintiff can prove that the Township has a custom or policy that violated her
constitutional rights is a matter that will unfold during discovery. *See Swierkiewicz*,
534 U.S. at 514 ("claims lacking merit may be dealt with through summary
judgment under Rule 56"); *Phillips*, No. 06-2869, slip op. at 17.

> It is clear, however, that Plaintiff's demand for punitive damages
against Swatara Township fails as a matter of law. "[A] municipality is immune

---

[4]   Except as otherwise indicated *supra*.

from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *accord Bolden v. Southeastern Pa. Transp. Auth.*, 953 F.2d 807, 829 (3d Cir. 1991). Her claim for punitive damages against the Township will be dismissed with prejudice because amendment on this issue would be futile.

**IV.**        **Conclusion**

        Plaintiff raises some potential claims for relief. Certain claims will be dismissed, but pursuant to the instructions set forth by the Third Circuit, Plaintiff will be given leave to file an amended complaint, *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), within thirty days from the date of this order. Failure to file an amended complaint will result in this matter proceeding on the original complaint, absent the claims that will be dismissed pursuant to the order that follows. *Id.*

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  February 11, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL KARCHNAK,** | : | **No. 07-CV-1405** |
| **Plaintiff** | : | **JUDGE SYLVIA H. RAMBO** |
| | : | |
| **v.** | : | |
| | : | |
| **SWATARA TOWNSHIP,** | : | |
| **DAVID BOGDANOVIC,** | : | |
| **JASON D. UMBERGER, and** | : | |
| **COMMISSIONER RICCI,** | : | |
| | : | |
| **Defendants** | : | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. 4) is **GRANTED** in part and **DENIED** in part.

1) The motion is **GRANTED** as to:

a) any discrete employment action that took place prior to August 1, 2005;

b) any claim based on Plaintiff's having reported the drawing on the corporal's desk;

c) any claim based on Plaintiff's having reported the falsification of patrol logs;

d) any claim based on Plaintiff's right to due process; and

e)  Plaintiff's claim for punitive damages against Defendant Swatara Township.  This claim is denied with prejudice as amendment thereof would be futile.

2) The motion is **DENIED** in all other respects.

Plaintiff is granted leave to file an amended complaint remedying the claims that have been dismissed without prejudice no later than thirty days from the date of this order.  If Plaintiff opts not to file an amended complaint, this action will proceed upon the original complaint, absent the claims dismissed herein.

          s/Sylvia H. Rambo
          SYLVIA H. RAMBO
          United States District Judge

Dated:  February 11, 2008.