# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL KARCHNAK,** | : No. 07-CV-1405 |
| Plaintiff | : |
| | : JUDGE SYLVIA H. RAMBO |
| v. | : |
| | : |
| **SWATARA TOWNSHIP,** | : |
| **DAVID BOGDANOVIC,** | : |
| **JASON D. UMBERGER, and** | : |
| | : |
| Defendants | : |

## **M E M O R A N D U M and O R D E R**

The background of this order is as follows. On February 9, 2009, Defendants filed 5 motions in limine seeking to preclude certain information from being introduced at trial. (Docs. 36, 38, 40, 42, 44.) On March 2, 2009, the court issued an order staying briefing on these motions pending disposition of Defendants' motion for summary judgment. (Doc. 50.)

On July 10, 2009, the court issued a memorandum and order granting in part and denying in part Defendants' motion for summary judgment. (Doc. 56.) In that order, the court granted summary judgment in favor of Defendant Swatara Township on all of Plaintiff's claims against it; and granted summary judgment in favor of Defendants Bogdanovic and Umberger on Plaintiff's 14th Amendment claims. Plaintiff's only claims surviving summary judgment are those First Amendment claims premised upon her speech regarding Sergeant Donald Brink's falsification of his police logs. The court granted summary judgment to Defendants on all of the Plaintiff's other First Amendment claims. Thus, the only issues that remain for trial are whether Plaintiff's speech concerning Sergeant Donald Brink's

falsification of his police logs was protected activity, and, if so, whether Defendant's May and June of 2007 discipline was in retaliation for this protected activity.

In light of the court's July 10, 2009 memorandum and order, the issues for trial are very narrow, and all of Defendants' motions in limine will be granted.[1] All of the motions address evidence that would be irrelevant and/or unduly prejudicial to Defendants. The court took great care to delineate the narrow scope of the issues for trial, and will not permit the parties to get side tracked from those issues.

Therefore, **IT IS HEREBY ORDERED THAT** Defendants' motions in limine, (Docs. 36, 38, 40, 42, and 44), are **GRANTED**. Plaintiff is precluded at trial from:

(1) Making reference to a hostile work environment and/or the theory of a hostile work environment within the Swatara Township Police Department;

(2) any reference pertaining to Plaintiff's diagnosis and treatment for breast cancer;

(3) any reference to the 2003 lawsuit against Swatara Township regarding compensation for off-duty care of police dogs;

(4) any reference to the "Z-Based Evaluation System" as a quota system, and;

---

[1] Defendants' motions are: **(1)** To preclude Plaintiff's reference to a hostile work environment and/or hostile work environment theory as defined by Title VII of the Civil Rights Act of 1974, (Doc. 36); **(2)** to preclude Evidence of Plaintiff's diagnosis and treatment of breast cancer, (Doc. 38); **(3)** to preclude evidence of the 2003 lawsuit against Swatara Township regarding compensation for off-duty care of police dogs, (Doc. 40); **(4)** To preclude any and all references to the "z-based evaluation system" as a quota system, (Doc. 42), and; **(5)** to preclude evidence of any discrete employment action taking place prior to August 1, 2005. (Doc. 44.)

(5) introducing any evidence of any discrete employment action taking place prior to August 1, 2005.

                                                   s/Sylvia H. Rambo
                                                  United States District Judge

Dated: July 13, 2009.